UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GIBBS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 21-1091** |
| | * | |
| **LOPINTO ET AL** | * | **SECTION: "L" (1)** |
| | * | |
| | * | |

**ORDER AND REASONS**

Before the Court is a Motion in Limine to Exclude Plaintiff's Expert by Defendants Cherie Beck, Melissa Elliott, and Joseph P. Lopinto, III. R. Doc. 40. Plaintiff has filed a memorandum in opposition. R. Doc. 44.

## I. BACKGROUND

This case arises from Plaintiff Dr. Sojourner Gibbs' arrest during an alleged diabetes emergency on June 19, 2020 in a Sam's Club parking lot in Jefferson Parish. R. Doc 1. Plaintiff alleges that she was backing out of her parking spot when she began experiencing a hypoglycemic episode. *Id.* at 5. Plaintiff then placed her car in park and was unable to move due to her medical state. *Id.* After a concerned bystander called 911, Plaintiff alleges that sheriff's deputies Melissa Elliott and Cherie Beck arrived on scene and responded to Plaintiff's medical emergency by removing her from her vehicle and handcuffing her, causing her to "collapse face down into the dirt." *Id.* at 7.

As a result of this incident, Plaintiff brought suit against Sheriff Joseph Lopinto, III in his official capacity under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 and deputies Melissa Elliot and Cherie Beck pursuant to 42 U.S.C. § 1983. *Id.* at 2. Specifically, Plaintiff alleges that the Jefferson Parish Sheriff's office intentionally

1

discriminated against her based on her disability by failing to reasonable accommodate her needs. *Id.* Plaintiff also maintains that the officers knew they were responding to a medical emergency and arrested her without probable cause in violation of the Fourth Amendment. *Id.* at 3. Plaintiff contends that the reasonable accommodation under the situation "would have been to wait for EMS to arrive and handle what was an open and obvious medical emergency and/or disability related occurrence." *Id.* at 6. Plaintiff seeks to recover compensatory and nominal damages and attorney's fees and costs.

Defendants Sheriff Joseph Lopinto, III, Deputy Melissa Elliott and Deputy Cherie Beck (hereinafter, "the JPSO defendants") generally deny Plaintiff's allegations and assert the following affirmative defenses: (1) Plaintiff has failed to state a claim upon which relief can be granted; (2) Defendant's actions were reasonable and Plaintiff does "not support a claim under a theory of vicarious liability or respondeat superior." (3) Plaintiff's assumption of risk and contributory negligence to the incident; 4) lack of jurisdictional standing; and 5) qualified immunity under the United States Constitution and La. R.S. 9:2798.1; (6) failure to state a "cause of action under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973." R. Doc. 4.

## II.    PRESENT MOTIONS

Pending before the Court is a *Daubert* motion by the JPSO defendants to exclude Plaintiff's expert testimony from Kelly D. LeDuff, Plaintiff's expert. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Defendants make two arguments: First, they argue that Plaintiffs have not followed the strictures of Rule 16 and 26 because Plaintiffs provided their expert disclosures two days after the date listed on a scheduling order, and this disclosure lacked a list of the witness's qualifications, prior publications, and previous expert testimony. R. Doc. 20-1 at 4-6. Defendants then argue that Mr. LeDuff's opinion should be included under Fed. R. Evid. 702

because his opinion would constitute an impermissible "legal conclusion." *Id.* at 7. Finally, Defendants argues that Mr. LeDuff is unqualified to offer expert testimony in this matter. Specifically, Defendants argue that LeDuff's opinions are not sufficiently reliable or relevant to be admissible under *Daubert*. *Id.* at 9-14.

## III. APPLICABLE LAW

**Federal Rules of Civil Procedure: Rule 16 and Rule 26**

Under Federal Rule of Civil Procedure 26(a)(2)(B), if a witness is "retained or specially employed to provide expert testimony," then the party proffering the witness must provide a written report with certain required information. Fed. R. Civ. P. 26(a)(2)(B). Where a party fails to comply with Rule 26(a)(2)(B), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Once the court has entered a scheduling order and the relevant deadline has passed, Federal Rule of Civil Procedure 16(b) governs the court's decision regarding whether to permit a post-deadline amendment. *See* Fed. R. Civ. P. 16(b). Rule 16(b) provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether the movant has established "good cause" for extension of a deadline, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *Leza v. City of Laredo*, 496 Fed. App'x 375, 376 (5th Cir. 2012) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

**Federal Rule of Evidence 704**

Federal Rule of Evidence 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. But "this rule does not allow an expert to render conclusions of law." *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996).

**Federal Rule of Evidence 702/*Daubert* Standard**

Federal Rule of Evidence 702 provides that:

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; **(b)** the testimony is based on sufficient facts or data; **(c)** the testimony is the product of reliable principles and methods; and **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Under *Daubert*, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S.at 589. To be reliable, expert testimony must be based on "scientific knowledge," meaning it must be "ground[ed] in the methods and procedures of science" and based on "more than subjective belief or unsupported speculation." *Id.* at 589-90. However, this rule does not require the testimony to be based on a scientific study, but allows testimony based on "personal experience" if, in the trial court's view, there is a sufficient level of "intellectual rigor" underlying the testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Indeed, "reliance upon extensive personal experience or specialized knowledge is an acceptable ground for the admission of expert testimony." *Derouen v. Hercules Liftboat Co., LLC*, No. CV 13-4805, 2015 WL 13528499, at *3 (E.D. La. Sept. 4, 2015). When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998).

In *Daubert*, the Supreme Court articulated a two-prong test for determining the admissibility of expert testimony. Specifically, when faced with a proffer of expert testimony, "the trial judge must determine at the outset, pursuant to Federal Rule of Evidence Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. Both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595. The Supreme Court in *Daubert* also noted that this analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.*

IV.    DISCUSSION

As an initial matter, the Court finds Defendant's argument under Rule 16 and Rule 26 to be unavailing. The two-day delay in the submission of Plaintiff's expert reports would not have been sufficient to prejudice Defendants even in the case of the August 27, 2022 trial date, for which the June 15, 2022 deadline for export reports had been issued. R. Doc. 21; R. Doc. 22. The trial is now set to take place on May 30, 2023, at which point Defendants will have been in possession of the expert report for nearly a year. As a result, this Court declines to exclude Mr. LeDuff's opinion under Rule 16 or Rule 26.

Nor does Federal Rule of Evidence 704 require the exclusion of the expert opinion proffered by the Plaintiff. "A use of force expert may offer testimony regarding police policies and procedures as well as whether or not specific acts by the defendant comport with those policies or procedures." *United States v. Warren*, No. 10-154, 2010 U.S. Dist. LEXIS 162289, at *11 (E.D. La. Nov. 8, 2010) (citing *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 908 (6th Cir. 2004)). However, "the testimony must not cross the borderline long recognized by this court

between a 'mere explanation of the expert's analysis of the facts' and a 'forbidden opinion on the ultimate legal issue" in the case. *Id.* at *12 (citing *United States v. Speer*, 30 F.3d 605, 610 (5th Cir. 1994)). In this instance, Plaintiffs have stipulated in their response that their expert will not testify "to the legal conclusion that the force used was excessive for Fourth Amendment purposes." R. Doc. 44 at 4. But, as this Court held in *Warren*, expert testimony regarding policies and procedures, and Defendants' compliance with those policies and procedures, is admissible. Plaintiff's expert may offer such testimony.

The Court now turns to the Defendant's arguments under *Daubert*. "To qualify as an expert, 'the witness must have such knowledge or experience in his field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992). Defendants argues that Mr. LeDuff does not qualify as an expert with sufficient scientific knowledge or experience in this case, pointing out that Mr. LeDuff does not have law enforcement experience, and has produced no C/V and resume to show his qualifications. R. Doc. 40-1 at 11. Plaintiff responds that Mr. LeDuff runs a consultancy, Open Eyes LLC, with his father, who was a state and federal police officer for 30 years. R. Doc. 44 at 6. Further, Plaintiff argues that Defendant's contention is "premature" because Defendants can ask questions about Mr. LeDuff's background and qualifications during his deposition. *Id.*

Furthermore, Defendants contend that Mr. LeDuff's opinion is not relevant under the second prong of Daubert because, again, he has "no experience in the field" and because his opinions "constitute legal conclusions." R. Doc. 50-1 at 12-13. Plaintiff responds that JPSO's use of force police is relevant to the reasonableness inquiry that ultimately will be undertaken by the jury, and that "the policies and procedures which the deputies were charges with knowing and

were trained upon are relevant to gauging the reasonableness of the officers/action in the context of the situation that led to Plaintiff's claim." R. Doc. 44 at 5.

The Court finds that the expert opinion offered by Plaintiff's expert Mr. LeDuff is sufficient to meet the *Daubert* standard. While an opinion on whether or not the actions taken by the officers was unreasonable would indeed invade the province of the jury and therefore be inadmissible, expert testimony on relevant policies and procedures under which the responding officers acted is evidence that will "assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. Further, as to reliability, Plaintiff's expert owns and operates a law enforcement consultancy, and Defendants will have the opportunity to probe his other qualifications prior to trial via his deposition; further, they can pursue questions of his capacity to opine on cross-examination. Ultimately, a jury may reject LeDuff's conclusions, but weighing expert opinions is the purview of the jury, not the Court. The Court will not exclude LeDuff's testimony under *Daubert*.

V.    **JUDGMENT**

**IT IS ORDERED** that the Motion to Exclude Plaintiff's Expert Testimony by Joseph P. Lopinto III, Melissa Elliot, and Cherie Beck be **DENIED**.

New Orleans, Louisiana, this 3rd day of May, 2023.

**THE HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**